**SHELLEY G. BRYANT - #222925**
**BRYANT WHITTEN, LLP**
8050 North Palm Avenue, Suite 210
Fresno, California 93711
(559) 494-4910 Telephone
(559) 421-0369 Facsimile
shelley@bwlaw.com

Attorneys for Plaintiffs, ALLON HULL AND CHRIS SCHOTT

**CHRISTOPHER J. KONDON - #172339**
**SAMAN M. REJALI - #274517**
**TREVOR J. WYNN - #327623**
**K&L GATES LLP**
10100 Santa Monica Boulevard, Eighth Floor
Los Angeles, California 90067
(310) 552 5000 Telephone
(310) 552 5001 Facsimile
Christopher.kondon@klgates.com
Saman.rejali@klgates.com
Trevor.wynn@klgates.com

Attorneys for Defendant
LABORATORY CORPORATION OF AMERICA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLON HULL, et al., | Case No. 5:23-cv-00526-SPG-AFM |
| Plaintiffs, | **JOINT RULE 26(f) REPORT** |
| vs. | [Assigned to the Hon. Sherilyn Peace Garnett] |
| LABORATORY CORPORATION OF AMERICA, et al., | Date of Scheduling Conference: April 26, 2023 at 3:00 p.m. |
| Defendants. | **PLAINTIFFS APPEARANCE BY ZOOM** |
| | Original Complaint Filed: February 21, 2023 |
| | Responsive Pleading Filed: March 23, 2023 |
| | Date of Removal:  March 24, 2023 |
| | Trial Date (Proposed):  April 23, 2024 |

- 1 -

Pursuant to Federal Rules of Civil Procedure, this Court's Notice Setting Case Management Order (Dkt. No. 8), and Judge Sherilyn Peace Garnett's Standing Order for Civil Scheduling Conference, Plaintiffs Allon Hull and Chris Schott, (collectively, "Plaintiffs") and Defendant Laboratory Corporation of America ("Defendant" or "Labcorp"), (all collectively, the "Parties") submit the following Joint Case Management Statement. Counsel for Plaintiffs will appear for the Scheduling Conference by Zoom.

1. **STATEMENT OF CASE**

    a. *Plaintiffs' Statement*:

    LabCorp is an out of state corporation that employs Plaintiffs to sell its laboratory services in California. The compensation plan created by LabCorp states that Plaintiffs will be paid a commission on all new business generated from their efforts. LabCorp did not create a written contract regarding the commission as required by law. Nor did LabCorp give Plaintiffs a copy of a signed commission contract and obtain a receipt of such.

    Before COVID, LabCorp always provided Plaintiffs with reports about sales and sales data so they could calculate the commissions owed. Plaintiffs had a right to this information so they could calculate commissions due and payable. Pursuant to, inter alia, Labor Code section 226, California employers must provide their employees with a written wage statement when they pay their employees. The law requires wage statements to be accurate and itemized. The written statement must include all information the employees need to determine the commission earned and payable.

    After COVID, Company sales executives directed commissioned sales staff to seize the opportunity and focus all of their time and effort selling this new testing. LabCorp was bilking the government and insurance companies by charging approximately $100 for each COVID test that cost less than a tenth of that. Plaintiffs helped LabCorp generate hundreds of millions of dollars in revenue from COVID related testing and lab services. The company declared record profits and the stock

price soared.

Even though LabCorp was making all this money, LabCorp falsely told all commissioned sales staff in California that it was unable to provide sales data for COVID services because of technical issues. LabCorp led everyone to believe the situation was temporary and would be resolved soon. This caused Plaintiffs to continue working day and night to sell the COVID tests all while believing they were earning record commissions.

However, in July 2020, LabCorp falsely told Plaintiffs and others that the company would not be paying any commissions on COVID sales, and it would not provide any data, and that LabCorp's legal department had determined that LabCorp had the right to unilaterally change the commission plan and new compensation plans were unnecessary. To date, LabCorp has refused to pay Plaintiffs any commissions on COVID-related sales activity.

**b.** *Defendant's Statement*:

On February 21, 2023, Plaintiffs filed a Complaint in Riverside County Superior Court. Plaintiffs allege claims for Unfair Competition in violation of California Business and Professions Code § 17200 with a violation of Labor Code section 2751 as the predicate violation, breach of contract and the covenant of good faith and fair dealing, and fraudulent and negligent misrepresentation. Defendant filed its Answer to Plaintiffs' Complaint on March 23, 2023, denying Plaintiffs' claims and asserting affirmative defenses, and filed a notice of removal on or about March 24, 2023, based on diversity jurisdiction.

**2. SUBJECT MATTER JURISDICTION**

The Parties do not dispute the Court's jurisdiction over this matter. Plaintiff Chris Schott is a citizen of the State of California, Plaintiff Allon Hull is a citizen of the state of California, and Defendant Laboratory Corporation of America is a citizen of Delaware. The amount in controversy is at least $249,765.00.

///

## 3. LEGAL ISSUES

    **a.** *Plaintiffs' Statement*:

        i. Whether the parties entered into an agreement to pay commissions.

        ii. Whether Labcorp breached an agreement to pay commissions for COVID-related sales.

        iii. Whether Labcorp must pay Plaintiffs commissions for COVID-related sales pursuant to a commission agreement.

        iv. The amount Labcorp must pay Plaintiffs for COVID-related sales commissions, if any.

        v. Whether Labcorp must pay Plaintiffs interest on amounts owed for unpaid commissions.

        vi. Whether Labcorp violated Labor Code § 2751 by: (1) telling Plaintiffs that their written compensation plans were not contracts; (2) failing to provide Plaintiffs with a written commission agreement and creating a receipt to show Plaintiffs received a copy of the agreement; and (3) changing the terms of the agreement without creating a new agreement, and whether this constitutes a violation of California Business and Professions Code § 17200.

        vii. Whether an agreement between the Parties violated an implied-in-law covenant of good faith and fair dealing.

        viii. Whether Labcorp did anything to frustrate the rights of Plaintiffs to receive the benefits of the agreement.

        ix. Whether Labcorp exercised its power to affect the rights of Plaintiffs in good faith and in accordance with fair dealing, and if not, thereby breached the implied covenant of god faith and fair dealing.

        x. Whether Labcorp agents made false representations by directing Plaintiffs to use all of their efforts to increase COVID-related sales

activity and without telling Plaintiffs that they would not be paid commissions for these new sales.

    xi. Whether Plaintiffs justifiable relied on any misrepresentations of agents from Labcorp.

    xii. Whether Plaintiffs rendered valuable consideration to Labcorp, in the form of work performed to sell polymerase chain reaction (PCR) lab testing, for which they have not been paid.

    xiii. Whether LabCorp made a promise which was reasonably expected to induce action or forbearance on the part of Plaintiffs, and whether the promise induced such action or forbearance, was binding if injustice can be avoided only by enforcement of the promise.

    xiv. The value of the work performed for Labcorp by Plaintiffs.

    xv. Whether Labcorp engaged in fraudulent acts and conduct towards Plaintiffs and/or a reckless indifference to statutorily protected rights and in conscious disregard of the rights, both statutory and common law, guaranteed Plaintiffs by the State of California., and as such, whether Plaintiffs are entitled to punitive damages

    xvi. Whether Plaintiffs are entitled to reasonable attorney's fees and costs.

    xvii. Whether Plaintiffs are entitled to other forms or relief that may be just and proper.

  **b.** *Defendant's Statement*:

Defendant denies all of Plaintiffs' claims, and has no key legal issues to add at this time.

**4. PARTIES, EVIDENCE, ETC.**

The only parties are Plaintiffs Allon Hull and Chris Schott, and Defendant Laboratory Corporation of America.

For now, Plaintiffs can identify the following percipient witnesses: Ted Turnure,

Todd Benatar, Rajat Mehta, Zac Chambers, Ken Younts, Matt Neighoff, Sandra van der Vaart, Kerry McCarthy, Laura Townsend, Mara Mueller, and Angela Torain.

Plaintiffs can identify the following documents on the main issues in the case: PCR sales data, email about written compensation plans for California commissioned employees, and changes to their compensation plans.

Defendant generally agrees with the preliminary scope of discovery as laid out by Plaintiffs, but disputes whether all individuals listed are in fact percipient witnesses with discoverable information. Defendant Laboratory Corporation of America's parent company is Laboratory Corporation of America Holdings.

### 5. DAMAGES

Plaintiffs allege that Plaintiff Hull is owed about $2 million for unpaid commissions and Plaintiff Schott is owed about $500,000 for unpaid commissions. Defendant denies Plaintiffs are entitled to any damages.

### 6. INSURANCE

At this time, the Parties are not aware of an applicable insurance policy.

### 7. MOTIONS

#### a. Procedural Motions.

Plaintiffs intend to file a first amended complaint after April 19, 2023. Plaintiffs will not file any motions to challenge jurisdiction or transfer venue. Defendant does not intend to file any procedural motions.

#### b. Dispositive Motions.

Plaintiffs do not intend to file any dispositive motions. Defendant anticipates filing a motion for summary judgment.

The Parties retain the right to file any additional or necessary motions as if needed and appropriate.

### 8. MANUAL FOR COMPLEX LITIGATION

This case is not complex, thus the Manual for Complex Litigation should not be utilized.

## 9. DISCOVERY

### a. Status of Discovery.

Plaintiffs served Initial Disclosures since the case was removed. Plaintiffs did not serve any discovery prior to removal because Defendant filed its Answer at the same time the case was removed. Since removal, Plaintiffs served one set of Requests for Production aimed the key documents mentioned above. Defendant has not yet served any discovery. Defendant intends to comply with FRCP 26(a)(1)(C) as to serving Initial Disclosures.

### b. Discovery Plan.

#### i. *Plaintiffs' Statement:*

Plaintiffs do not anticipate the need to change the disclosures under Fed. R. Civ. P. 26(a) or the subject(s) on which discovery may be needed. Plaintiffs intend to conduct discovery in phases starting with obtaining communications about changing the compensation plans and the decision to exclude PCR revenue from commission calculations and the reasons therefore. They need the PCR revenue data for their territories in order to calculate damages. Then, Plaintiffs will proceed with depositions of the witnesses mentioned above. Plaintiffs do not need to change any limitations and are not requesting any orders from the Court. The Parties will continue to meet and confer on e-discovery issues.

#### ii. *Defendant's Statement*:

Defendant does not propose any changes to the requirements for disclosures under FRCP 26(a). Defendant does not oppose Plaintiffs' intention to conduct discovery in phases. Defendant does not foresee any issues about preservation of electronically stored information. Defendant proposes that the Parties enter into a protective order.

### c. Discovery Cut-Off

#### i. *Plaintiffs' Statement:*

Plaintiffs propose a discovery cut-off date of April 1, 2024. Based on experience

- 6 -

1  obtaining similar discovery from LabCorp in a different case, Counsel for Plaintiff does
2  not believe discovery can be completed within the timeframe proposed by LabCorp.

          ii. *Defendant's Statement*:

Defendant proposes a discovery cut-off date of November 15, 2023.[1]

    **d. Expert Discovery**

          i. *Plaintiffs' Statement:*

Plaintiffs propose an expert disclosure date of April 15, 2024.

          ii. *Defendant's Statement*:

Defendant proposes Initial Expert Disclosures to be due on November 29, 2023, Rebuttal Expert Disclosures to be due on December 13, 2023, and Expert Discovery Cut-Off to be December 12, 2023.

    **e. Settlement Conference/ADR**

The Parties have not engaged in any settlement negotiations. The Parties agree to a settlement conference with Honorable Michael R. Wilner. If that is not possible, the Parties prefer private mediation.

    **f. Trial**

          i. <u>Trial Estimate</u>

              1. *Plaintiffs' Statement:*

Plaintiffs estimate the need for ten (10) court days to complete the trial.

              2. *Defendant's Statement*:

Defendant estimates 3-5 court days to complete the trial.

          ii. <u>Jury or Court Trial</u>

Plaintiff has demand a jury trial.

          iii. <u>Consent to Trial Before Magistrate Judge</u>

              1. *Plaintiffs' Statement:*

Plaintiffs agree to try the case before Magistrate Judge Michael R. Wilner.

---

[1] Plaintiffs would not agree to joint dates in accordance with the Court's order and recommended timeline. Thus, the Parties agreed to file the worksheet based on the trial date proposed by Defendant. Plaintiffs' counsel will discuss this issue at the Scheduling Conference.

*2. Defendant's Statement*:

Defendant does not agree to try the case before any Magistrate Judge.

### iv. Lead Trial Counsel

Shelley G. Bryant will serve as lead trial counsel for Plaintiffs. Ana Dominguez may participate in the trial on behalf of Plaintiffs. Christopher J. Kondon and Saman M. Rejali will serve as co-lead trial counsel for Defendant. Trevor J. Wynn will participate in the trial on behalf of Defendant.

### g. Independent Expert or Master

This is not is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

### h. Other Issues

The Parties are not aware of any other issues affecting the case.

Dated: April 12, 2023　　　　　　　　　　BRYANT WHITTEN, LLP

By: /s/ Shelley G. Bryant
　　　Shelley G. Bryant

Attorney for Plaintiffs ALLON HULL AND CHRIS SCHOTT

K&L GATES LLP

Dated: April 12, 2023　　　　　　　　　　By: /s/ Trevor J. Wynn
　　　Christopher J. Kondon
　　　Saman M. Rejali
　　　Trevor J. Wynn

Attorneys for Defendant
LABORATORY CORPORATION OF AMERICA